NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-1530

JACK BROWN,

Plaintiff-Appellant,

v.

BAYLOR HEALTHCARE SYSTEM
and MEMORIAL HERMANN HEALTHCARE SYSTEM,

Defendants,

and

CHILDREN'S MEDICAL CENTER OF DALLAS,

Defendant-Appellee,

and

HARRIS METHODIST H-E-B, IASIS HEALTHCARE L.L.C.,
and ST. LUKE'S EPISCOPAL HEALTH SYSTEM,

Defendants-Appellees.


Edward W. Goldstein, Goldstein, Faucett & Prebeg L.L.P, of Houston, Texas, for plaintiff-appellant. With him on the brief were Wendy L. Boone and Christopher M. Faucett.

James W. Repass, Fulbright & Jaworski LLP, of Houston, Texas, for defendant-appellee Children's Medical Center of Dallas. With him on the brief was Jonathan S. Franklin, of Washington, DC. On the brief for defendants-appellees Harris Methodist H-E-B were Floyd R. Nation, Richard L. Stanley and Donald Hopkins Mahoney, III, Howrey LLP, of Houston, Texas.

Appealed from: United States District Court for the Southern District of Texas

Judge Lee H. Rosenthal

NOTE: This disposition is nonprecedential

# United States Court of Appeals for the Federal Circuit

2009-1530

JACK BROWN,

Plaintiff-Appellant,

v.

BAYLOR HEALTHCARE SYSTEM and
MEMORIAL HERMANN HEALTHCARE SYSTEM,

Defendants,

and

CHILDREN'S MEDICAL CENTER OF DALLAS,

Defendant-Appellee,

and

HARRIS METHODIST H-E-B, IASIS HEALTHCARE L.L.C., and
ST. LUKE'S EPISCOPAL HEALTH SYSTEM,

Defendants-Appellees.

Appeal from the United States District Court for the Southern District of Texas
In appeal no. 4:08-CV-00372, Judge Lee H. Rosenthal

_____

DECIDED: May 7, 2010
_____

Before MAYER, CLEVENGER, and GAJARSA, <u>Circuit Judges</u>.

PER CURIAM.

Appellant Jack Brown appeals a final order issued by the United States District

Court for the Southern District of Texas granting summary judgment that claim 1 of U.S.

Patent No. 4,857,713 ("the '713 patent") is invalid for indefiniteness. For the reasons stated below, we affirm.

I

The '713 patent was filed on February 14, 1986, and identifies the appellant as the sole inventor. The patent application described a hospital error limiting system that uses bar codes to identify patients and medications and to ensure that the correct patients receive the correct medications at the appropriate time. Mr. Brown states that he filed and prosecuted the application without the assistance of legal counsel.

The initial patent application contained four claims and all were rejected by the patent examiner as anticipated by U.S. Patent No. 4,628,193. In the non-final rejection communication, the examiner proposed new claim language that was "considered to distinguish patentably over the art of record in this application." Mr. Brown filed a response to the office action in which he replaced the rejected claims with a single claim that adopted substantially identical language to that proposed by the examiner. A Notice of Allowance was granted on April 11, 1988, and the '713 patent issued on August 15, 1989.

The appellant filed suit against defendants Children's Medical Center of Dallas, Harris Methodist H-E-B, IASIS Healthcare L.L.C., and St. Luke's Episcopal Health System (collectively "appellees") on February 1, 2008, alleging infringement of the '713 patent. The district court issued a Claim Construction Memorandum and Order on April 15, 2009, finding, inter alia, that the claimed "portable processing means" element is drafted in means-plus-function format and subject to 35 U.S.C. § 112 ¶ 6. The appellant's motion to reconsider this ruling was denied on May 11, 2009. The appellees

subsequently filed a motion for summary judgment of invalidity which was granted by the district court on July 20, 2009. The district court reasoned that neither claim language nor the specification disclosed sufficient structure to satisfy the requirements of section 112. Mr. Brown argues on appeal that the district court erred in finding that the term "processing means" is subject to section 112 ¶ 6 and that, even if the district court is correct, the district court erred in finding the claim invalid.

II

Claim construction is a matter of law and we therefore review the district court's claim construction without deference. Cybor Corp. v. FAS Techs., Inc., 138 F.3d 1448, 1451 (Fed. Cir. 1998) (en banc). Indefiniteness under 35 U.S.C. § 112 ¶ 2 is also a matter of law that we review without deference. SmithKline Beecham Corp. v. Apotex Corp., 403 F.3d 1331, 1338 (Fed. Cir. 2005).

III

Claim 1 of the '713 patent claims a hospital error limiting system employing bar codes for identifying patients, medications, goods, services and procedures comprising:

> host computer means for maintaining a patient history file, which indicates when particular medications, goods, services or procedures were delivered to a particular patient in the past, and a physician instruction file, which indicate what particular medications, goods, services or procedures are to be given to a particular patient at a particular time interval.
> communication link means to link said host computer means to a portable computer means for transferring said patient history file and said physician instruction file between said host computer means and said portable computer means.
> wherein said portable computer means comprises a portable memory means for storing said patient history file and said physician instruction file,
> portable bar code reading means for identifying a patient by reading a bar code provided to said patient, and for identifying medications, good, services or procedures proposed to be delivered to said patient, by

2009-1530                          3

reading a bar code provided on said medications, goods, services or procedures,

portable processing means for processing the bar codes read by said portable bar code reading means so as to determine if said identified medications, goods, services or procedures are permitted to be delivered to said identified patient, according to said patient history file and said physician instruction file in said portable memory means, and for updating said patient history file in said portable memory means if said identified medications, goods, services or procedures are permitted to be delivered to said identified patient,

wherein said determination requires that said identified medications, goods, services or procedures are related to said identified patient in said physician instruction file in the portable memory means and that said identified medications, goods, services or procedures would be delivered to said identified patient at an appropriate time according to when identified medications, goods, services or procedures were lasts delivered to the identified patient in the past as indicated in the patient history file in the portable memory means and according to the time interval in said physician instruction file in said portable memory means to grant permission to deliver said identified medications, goods, services or procedures, and portable display means for indicating the determination of said portable processing means,

Wherein said patient history file in said host computer means is updated periodically by transferring said updated patient history file in said portable computer means to said host computer means via said communication link means.

The appellant argues on appeal that one of skill in the art would understand that the processing means must be the general purpose processor of the "portable computer means" such as those used as examples of portable computers identified in the specification. The appellant also argues that both a layperson and one of skill in the art would understand "[t]he 'processing means' recited in the sole claim of the '713 patent is simply a general purpose processor." Appellant's Br. at 11.

A claim element that contains the word "means" and recites a function is presumed to be drafted in means-plus-function format under 35 U.S.C. § 112 ¶ 6. Altiris, Inc. v. Symantec Corp., 318 F.3d 1363, 1375 (Fed. Cir. 2003). Though the

presumption is rebutted "where the claim, in addition to the functional language, recites structure sufficient to perform the claimed function in its entirety," id., the appellant's primary argument focuses on the portable computer examples disclosed in the specification. These disclosures do not demonstrate that the language of the claim contains structure to perform the function of the "portable processing means" and are not sufficient to remove the claim limitation from the purview of section 112 ¶ 6. Further, appellant's argument that one would equate the term "processing means" with "general purpose processor" ignores that the appellant chose to claim the element at issue in functional terms. Even if appellant is correct, however, a general purpose processor without more would not be enough to perform the claimed function. We agree with the district court that the claim does not recite sufficient structure to overcome the presumption that section 112 ¶ 6 applies.

IV

Having concluded that the "portable processing means" limitation is drafted in means-plus-function format, we must determine the corresponding structure disclosed in the specification. IMS Tech., Inc. v. Haas Automation, Inc., 206 F.3d 1422, 1430 (Fed. Cir. 2000). Means-plus-function claim limitations "shall be construed to cover the corresponding structure, material, or acts described in the specification and equivalents thereof." 35 U.S.C. § 112 ¶ 6

For computer-implemented claim elements recited in a means-plus-function format, the structure disclosed in the specification must be more than a general purpose computer or microprocessor. Aristocrat Techs. Austl. Pty Ltd. v. Int'l Game Tech., 521 F.3d 1328, 1333 (Fed. Cir. 2008). For a microprocessor claimed by the function it

performs, the disclosed structure must be a microprocessor programmed to carry out an algorithm. Id. (citing WMS Gaming, Inc. v. Int'l Game Tech., 184 F.3d 1339, 1349 (Fed. Cir. 1999)). Accordingly, the corresponding structure for such a limitation is the algorithm itself. Id.; Finisar Corp. v. DirecTV Group, Inc., 523 F.3d 1323, 1340 (Fed. Cir. 2008) ("[T]he patent must disclose, at least to the satisfaction of one of ordinary skill in the art, enough of an algorithm to provide the necessary structure under § 112, ¶ 6."). If the algorithm is not adequately disclosed in the specification, the claim is invalid for indefiniteness. 35 U.S.C. § 112 ¶¶ 2, 6; Aristocrat, 521 F.3d at 1338.

The appellant concedes that "the '713 patent specification does not specifically disclose an algorithm," but argues that "it does disclose structures equivalent to such and is therefore not invalid." Appellant's Reply Br. at 2. The appellant points to Figure 1, reproduced below, as illustrating the structural equivalent of an algorithm.



The appellant argues that Figure 1, when reviewed in light of specification, illustrates the structure of the invention. We disagree. The specification is absent of any structure that would perform the function of the "portable processing means." At best, the specification can be viewed as disclosing a type of portable computer that

would contain a general purpose microprocessor, but, as appellant concedes, the algorithm that must be performed by the processor is not disclosed. Our law is clear that disclosure of a general purpose microprocessor does not suffice. See WMS Gaming, 184 F.3d at 1348.

V

Finally, the appellant argues that we should give extra deference on issues of patent validity because a patent examiner suggested the language at issue that the appellant incorporated into his claim. As we have previously stated, a patent claim is treated no differently because the patentee chose to file the application pro se and accepted the suggestions of a patent examiner. See Kim v. ConAgra Foods, Inc., 465 F.3d 1312, 1322 (Fed. Cir. 2006). Assigning fault to the patent examiner cannot preserve the validity of an indefinite claim.

CONCLUSION

For the foregoing reasons, we affirm the judgment of the district court.